Filed 11/29/23  P. v. Hughes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097607 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 21CF03691, 22CF00943) |
| v. | |
| JADEN ALEXANDER HUGHES, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jaden Alexander Hughes asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

BACKGROUND

On July 15, 2021, Chico police officers responded to the scene of a three-car collision where one individual was lying in the roadway, having been ejected from the vehicle in which he was riding.  Upon encountering defendant sitting on a curb, an officer detected the odor of alcohol and observed signs of intoxication.  Defendant admitted the

1

vehicle he was driving struck another vehicle and he admitted to consuming alcohol. Blood samples taken later indicated his blood alcohol content was 0.21 percent.

In case No. 21CF03691 (case No. 691), the prosecution charged defendant with driving under the influence of alcohol causing injury within 10 years of another driving under the influence offense (Veh. Code, § 23153, subd. (a); count 1),[1] driving with a 0.08 percent blood alcohol content causing injury within 10 years of another driving under the influence offense (§ 23153, subd. (b); count 2), and driving when privilege suspended or revoked for a driving under the influence conviction (§ 14601.2, subd. (a); count 3). The information alleged, in connection with counts 1 and 2, that defendant had a blood alcohol concentration of 0.15 percent and more, specifically above 0.20 percent (§ 23578), that he personally inflicted great bodily injury on a victim (Pen. Code, § 12022.7, subd. (a)), and that he proximately caused bodily injury and/or death to more than one victim (§ 23558).

In November 2021, defendant waived his constitutional rights, pleaded no contest to count 2, admitted to the prior driving under the influence conviction, admitted the great bodily injury allegation, and admitted his blood alcohol content was 0.21 percent. The trial court found defendant's waiver of his rights was knowing, voluntary, and intelligent, and that his plea was freely and voluntarily made. In December 2021, the trial court suspended sentence and placed defendant on formal probation for a term of three years. The court dismissed the remaining counts with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) and struck the remaining enhancement allegations. The court imposed various fines, fees, and assessments, and ordered defendant to pay victim restitution to three victims.

---

[1]     Undesignated statutory references are to the Vehicle Code.

2

On February 24, 2022, a police officer performed a traffic stop on a vehicle driven by defendant. He admitted he had consumed alcohol and that his license was suspended. Pulmonary alcohol screening tests measured defendant's blood alcohol content at 0.12 and 0.13 percent.

In case No. 22CF00943 (case No. 943), the prosecution charged defendant with driving under the influence of alcohol within 10 years of three other driving under the influence offenses (§ 23152, subd. (a); count 1), driving with a 0.08 percent blood alcohol content within 10 years of three other driving under the influence offenses (§ 23152, subd. (b); count 2), driving when privilege suspended or revoked for a driving under the influence conviction (§ 14601.2, subd. (a); count 3), and driving with a 0.01 percent blood alcohol content while on driving under the influence probation (§ 23154, subd. (a); count 4). The complaint alleged defendant had a prior strike. The prosecution also filed a violation of probation petition in case No. 691, alleging defendant violated several conditions of his probation.

In June 2022, defendant waived his constitutional rights and pleaded no contest to count 1 in case No. 943. He admitted he had sustained three prior driving under the influence convictions. The trial court found defendant's waiver of his rights was knowing, voluntary, and intelligent, and that his plea was freely and voluntarily made. The court dismissed the remaining counts and struck the prior strike conviction allegation.

At sentencing on both matters, upon defendant's admission that he violated probation, the trial court terminated probation. The court noted it did consider imposing a low term sentence because defendant was 26 years old or younger at the time of his offenses (Pen. Code, §§ 1170, subd. (b)(6)(B), 1016.7, subd. (b)), but found imposition of the low term would not be in the interests of justice because aggravating circumstances outweighed mitigating circumstances. The trial court sentenced defendant to an aggregate prison term of six years eight months consisting of the upper term of three

3

years on count 2 in case No. 691, three years on the great bodily injury enhancement, and a consecutive term of eight months, one third the middle term, on count 1 in case No. 943. The court awarded defendant 497 days of custody credits including 433 days' actual time and 64 days' conduct credits, and imposed various fines, fees, and assessments, including reimposing fines, fees, assessments, and restitution originally imposed in case No. 691. An amended abstract of judgment corrected the statutory authority for two of the fines, fees, and assessments imposed.

### DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

                                          /s/
                                          EARL, P. J.

We concur:


        /s/
MAURO, J.


        /s/
BOULWARE EURIE, J.


4